# United States Court of Appeals
## For the First Circuit

No. 19-1794

TOWN OF WEYMOUTH, MASSACHUSETTS; ROBERT HEDLUND, Mayor of Town of Weymouth; PATRICK M. O'CONNOR, State Senator; MICHAEL SMART, Vice President District Six; KENNETH J. DIFAZIO, District Three Councilor; JANE HACKETT, Councilor at Large; ED HARRINGTON, District Five Councilor; REBECCA HAUGH, District One Councilor; ARTHUR MATHEWS, District Four Councilor; MICHAEL MOLISSE, Councilor at Large; SCOTT DOWD, Conservation Commissioner; GEORGE LORING, Conservation Commissioner; THOMAS TANNER, Conservation Commissioner; FRANK SINGLETON, Conservation Commissioner; JOHN REILLY, Conservation Commissioner; CITY OF BRAINTREE, MASSACHUSETTS; TOWN OF HINGHAM, MASSACHUSETTS; CITY OF QUINCY, MASSACHUSETTS,

Petitioners,

v.

MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION,

Respondent,

ALGONQUIN GAS TRANSMISSION, LLC,

Intervenor.

No. 19-1797

ELIZABETH MOULDS; JENNIFER MATHIAN; OLIVIA LANNA; PRIYA HOWELL; KATHERINE ROGERS; MICHAEL MULLALEY; HEATHER KAAS; KATIE MCBRINE; JANICE DEYOUNG; A. SILVIA FABRIZIO; KATHLEEN CRONIN,

Petitioners,

v.

MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION,

Respondent,

ALGONQUIN GAS TRANSMISSION, LLC,

Intervenor.

_____

No. 19-1803

DOROTHY ANDERSON; ALICE ARENA; MARGARET BELLAFIORE; WENDY
CULLIVAN; SUSAN GREENE; REBECCA HAUGH; ANDREA HONORE; MICHAEL
LANG; CURTIS NORDGAARD, M.D.; THOMAS PENDERGAST; JUDY ROBERTS;
FRANK SINGLETON; BETSY SOWERS; BERNADETTE WILSON,

Petitioners,

v.

MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION,

Respondent,

ALGONQUIN GAS TRANSMISSION, LLC,

Intervenor.

_____

PETITIONS FOR REVIEW OF AN ORDER OF
THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION

_____

Before

Thompson, Lipez, and Kayatta,
<u>Circuit Judges</u>.

_____

Brian F. Bertram, J. Raymond Miyares, Katherine E. Stock,
Miyares and Harrington, LLP, Joseph Callanan, Town Solicitor, Town
of Weymouth, Nicole I. Taub, Town Solicitor, Town of Braintree,
Kerry T. Ryan, Special Counsel, Town of Hingham, Bogle, DeAscentis
& Coughlin, P.C., and Janet Petkun, Assistant City Solicitor, City
of Quincy, on brief for petitioners Town of Weymouth, et. al.
Lawrence K. Kolodney, Adam J. Kessel, Natalie Galley, Eda
Stark, Kayleigh E. McGlynn, and Fish & Richardson P.C. on brief
for petitioners Moulds, et. al.
Michael H. Hayden and Morrison Mahoney LLP on brief for
petitioners Anderson, et. al.

Seth Schofield, Senior Appellate Counsel, Office of the Attorney General of Massachusetts, Maura Healey, Attorney General for the Commonwealth of Massachusetts, Julie E. Green, Assistant Attorney General, Office of the Attorney General of Massachusetts, and Joshua Olszewski-Jubelirer, Assistant Attorney General, Office of the Attorney General of Massachusetts, on brief for respondent.

Jeremy C. Marwell, Joshua S. Johnson, Vinson & Elkins LLP, James T. Finnigan, and Rich May, P.C. on brief for intervenor.

———————

August 31, 2020

———————

**PER CURIAM**.  On June 3, 2020, this court issued an order and opinion in these consolidated matters vacating the grant of an air permit by the Massachusetts Department of Environmental Protection (DEP) for the proposed Weymouth compressor station and remanding to that agency to redo the Best Available Control Technology (BACT) analysis.  See Town of Weymouth v. Mass. Dep't of Envtl. Prot., 961 F.3d 34, 58–59 (1st Cir. 2020).  Algonquin Gas Transmission, LLC (the air-permit applicant and intervenor in this case) petitioned for panel rehearing as to the remedy only.  For the following reasons, we grant Algonquin's petition and revise our June 3 opinion to reflect that the remedy granted is remand without vacatur.

In our June 3 opinion,[1] we recognized that the decision to vacate the agency's decision or instead remand without vacating was "within our discretion as the reviewing court, and 'depend[ed] inter alia on the severity of the errors, the likelihood that they can be mended without altering the order, and on the balance of equities and public interest considerations.'"  Id. at 58 (quoting Cent. Me. Power Co. v. FERC, 252 F.3d 34, 48 (1st Cir. 2001)).  After considering the parties' argument on these three factors, we

---

[1]  Oral arguments in these cases were originally set for April 2020.  Due to the COVID-19 pandemic, we cancelled oral arguments. Because we are required by statute to expedite these matters, see 15 U.S.C. § 717r(d)(5), we decided the cases on the briefs without rescheduling oral arguments.

- 4 -

concluded that both sides had "persuasive" arguments. Id. We went on to determine that additional factors weighed in favor of vacatur, most notably that DEP would expedite its review on remand so as not to exacerbate any harm from delaying the completion of the pipeline construction. Id. To that end, we gave DEP seventy-five days to complete its review or to show cause why additional time was needed. Id. at 59. That seventy-five-day period would have expired on August 17, fifty-four days after issuance of our mandate in ordinary course. See Fed. R. App. P. 40(a)(1) ("[A] petition for panel rehearing may be filed within 14 days after entry of judgment . . . ."); Fed. R. App. P. 41(b) ("The court's mandate must issue 7 days after the time to file a petition for rehearing expires . . . ."). Because DEP does not actually implement an order to vacate a permit decision until mandate issues, had mandate issued in normal course, Algonquin would have been precluded from proceeding with the project for no more than fifty-four days if it succeeded in the renewed permit proceedings.

DEP has now confirmed that it will be unable to meet that seventy-five-day deadline. In fact, DEP says it will be unable to complete its review, including administrative appeals, until January 19, 2021. As a result, even if Algonquin prevails in the renewed permit proceedings, the project will have been halted for no fewer than 142 days, assuming we were to issue mandate today. That hiatus will effectively prevent this new

proposed infrastructure from coming on-line until the completion of "commission[ing]" six weeks after January 19, 2021. In short, permittable or not, the project will be out of operation for most of the New England and Canadian winter heating season, when demand for natural gas in the region is at its peak and shortages most likely. These developments materially alter the "balance of equities and public interest considerations" that we considered on June 3. Town of Weymouth, 961 F.3d at 58.

Another material development has occurred since we issued our opinion: Algonquin has made its supplemental submission on the remaining BACT issue, and DEP staff has concluded after preliminary review that an electric motor is not BACT. Although not binding on DEP, that preliminary conclusion increases the likelihood that the permit will not be revoked. See id. (noting that the "severity of the error[]" factors into the remedy calculus). If correct, the staff's conclusion also means that the permit will be approved and any operations before January 19, 2021, will have resulted in no emissions in excess of Massachusetts regulations.

Finally, DEP -- while taking no position on Algonquin's petition to amend the remedy -- does not suggest that its procedures necessitate vacatur in order to perform its required reconsideration based on a supplemental record. Cf. EME Homer City Generation, L.P. v. EPA, 795 F.3d 118, 132 (D.C. Cir. 2015)

- 6 -

("On remand [without vacatur, parties] may provide new evidence, data, or calculations."); <u>Nat. Res. Def. Council</u> v. <u>EPA</u>, 571 F.3d 1245, 1258 (D.C. Cir. 2009) (remanding without vacating for EPA to "conduct[] a technical analysis").

Given these new considerations, we amend our opinion to state that <u>we remand this proceeding to the agency without vacating the air permit</u>.[2]  We also <u>grant</u> DEP's unopposed request to extend the completion of its remand proceedings until January 19, 2021, and <u>retain jurisdiction</u> only for the limited purpose of entertaining any further motion concerning the completion deadline in the hopefully unlikely event that such a motion is filed.

Other than this alteration to the remedy, our June 3 opinion remains unchanged.

---

[2]  Petitioners request that, should we opt not to vacate the air permit, we enjoin Algonquin from operating the compressor station until DEP makes its final decision.  For the foregoing reasons, we <u>deny</u> that motion.